UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JARECA LEE,

                             Plaintiff,

                -against-

NEW ROCHELLE SCHOOL DISTRICT,

                             Defendant.

21-CV-10973 (VB)

ORDER OF SERVICE

VINCENT L. BRICCETTI, United States District Judge:

Plaintiff, who is appearing *pro se*, brings this action under the Individuals with

Disabilities Education Act (IDEA), 20 U.S.C. § 1400 *et seq*. By order dated December 22, 2021,

the Court granted Plaintiff's request to proceed without prepayment of fees, that is, *in forma*

*pauperis* (IFP).

**DISCUSSION**

Because Plaintiff has been granted permission to proceed IFP, Plaintiff is entitled to rely

on the Court and the U.S. Marshals Service to effect service. *Walker v. Schult*, 717 F.3d 119, 123

n.6 (2d Cir. 2013); *see also* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve

all process . . . in [IFP] cases."); Fed. R. Civ. P. 4(c)(3) (the court must order the Marshals

Service to serve if the plaintiff is authorized to proceed IFP)).

Although Rule 4(m) of the Federal Rules of Civil Procedure generally requires that the

summons and complaint be served within 90 days of the date the complaint is filed, Plaintiff is

proceeding IFP and could not have served the summons and complaint until the Court reviewed

the complaint and ordered that a summons be issued. The Court therefore extends the time to

serve until 90 days after the date the summons is issued. If the complaint is not served within that

time, Plaintiff should request an extension of time for service. *See Meilleur v. Strong*, 682 F.3d

1

56, 63 (2d Cir. 2012) (holding that it is the plaintiff's responsibility to request an extension of time for service); *see also Murray v. Pataki*, 378 F. App'x 50, 52 (2d Cir. 2010) ("As long as the [plaintiff proceeding IFP] provides the information necessary to identify the defendant, the Marshals' failure to effect service automatically constitutes 'good cause' for an extension of time within the meaning of Rule 4(m).").

To allow Plaintiff to effect service on Defendant New Rochelle School District through the U.S. Marshals Service, the Clerk of Court is instructed to fill out a U.S. Marshals Service Process Receipt and Return form ("USM-285 form") for the defendant. The Clerk of Court is further instructed to issue a summons and deliver to the Marshals Service all of the paperwork necessary for the Marshals Service to effect service upon the defendant. Plaintiff must notify the Court in writing if her address changes, and the Court may dismiss the action if she fails to do so.

## CONCLUSION

The Clerk of Court is directed to mail a copy of this order to Plaintiff, together with an information package. The Clerk of Court is further instructed to complete a USM-285 form with the address for Defendant New Rochelle School District and deliver to the U.S. Marshals Service all documents necessary to effect service.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

SO ORDERED.

Dated:    December 22, 2021
             White Plains, New York

_____
VINCENT L. BRICCETTI
United States District Judge

2

**DEFENDANTS AND SERVICE ADDRESSES**

1.    New Rochelle School District
      515 North Avenue
      New Rochelle, NY 10801